UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON VENEGAS,

    Plaintiff,

v.                                       Case No. 8:18-cv-1941-T-02AEP

AMERICAN MEDICAL RESPONSE
AMBULANCE SERVICE,[1]

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, filed an Amended Complaint (Doc. 11) seeking to assert claims relating to an automobile accident and subsequent care allegedly provided by two paramedics. Currently before the Court is Plaintiff's renewed request to proceed *in forma pauperis* (Doc. 12). Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).[2] When an application to proceed *in forma pauperis* is filed,

---

[1] Plaintiff captions his Amended Complaint (Doc. 11) in the same manner as the initial Complaint (Doc. 1), naming American Medical Response Ambulance Service as the opposing party in this action. In describing the parties to this action, however, Plaintiff identifies "Defendants" as the two paramedics who provided medical services to him following an automobile accident. For ease of reference, this Report and Recommendation uses the term "Defendants" to refer to the two paramedics Plaintiff alleges provided him medical services rather than the purported entity who employed such individuals.

[2] Under 28 U.S.C. § 1915, a party who is incarcerated must provide (1) an affidavit that includes a statement of all assets such prisoner possesses such that the individual cannot pay the fees or give security therefor and (2) a certified copy of the trust account fund statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(1)-(2). Given Plaintiff's assertion that the Florida Department of Corrections would not supply Plaintiff with his account statement for the prior six-month period, despite his repeated requests (Doc. 9), the Court allowed Plaintiff

the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Here, Plaintiff's Amended Complaint (Doc. 11) does not contain factual allegations establishing a viable federal claim and does not otherwise indicate that the Court may maintain jurisdiction over Plaintiff's claims.

---

to proceed with his request to proceed *in forma pauperis* without filing a copy of his prisoner account statement (Doc. 10).

Indeed, though Plaintiff cites to 28 U.S.C. §§ 1331 and 1343(a)(2) as the bases for the Court's jurisdiction, the factual allegations indicate that Plaintiff only seeks to assert a state tort claim for negligence against two employees of a private entity for medical services provided by such employees in Hillsborough County.  Essentially, Plaintiff contends that Defendants were first responders to an automobile accident where Plaintiff was ejected and found unconscious.  According to Plaintiff, Defendants had a duty to attend to Plaintiff until an air unit arrived but remained deliberately indifferent to his medical needs, thereby violating his Eight Amendment rights.  As an initial matter, the Amended Complaint does not contain factual allegations establishing any violation of Plaintiff's constitutional rights or any cause of action arising under federal law, as required to establish jurisdiction under 28 U.S.C. § 1331.  In addition, the Eighth Amendment prohibits excessive bail, excessive fines, and cruel and unusual punishment.  U.S. Const. amend VIII.  Nothing in Plaintiff's allegations indicates that a violation of his Eighth Amendment rights occurred.  Furthermore, as with the initial Complaint (Doc. 1), although Plaintiff again cites to 42 U.S.C. § 1983, the allegations contained therein do not coincide with a 1983 claim, as Defendants are employees of a private entity, and nothing in the Amended Complaint indicates that Defendants acted under color of state law.[3]

---

[3] As previously noted, Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  "To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that the violative conduct was committed by a person acting under the color of state law and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (internal quotations and citations omitted).

Additionally, under 28 U.S.C. § 1343(a)(2), district courts maintain original jurisdiction over civil actions commenced to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in 42 U.S.C. § 1985 which he had knowledge were about to occur and power to prevent. Plaintiff fails to allege any wrongs mentioned in 42 U.S.C. § 1985, as the statute only pertains to preventing federal officers from performing their duties; obstructing justice; intimidating a party, witness, or juror; and depriving persons of federal rights or privileges. 42 U.S.C. § 1985(1)-(3). Given the foregoing, Plaintiff failed to establish a basis for jurisdiction or otherwise state a claim under 28 U.S.C. §§ 1331 or 1343(a)(2).

Plaintiff also indicates that he "seeks declaratory relief pursuant to 24 U.S.C. 2201 and 2202" (Doc. 11, at 2). No such statutes exist. To the extent that Plaintiff seeks declaratory relief or to establish jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff's claims likewise fail. The Declaratory Judgment Act provides courts the power to declare the rights and legal relations of parties "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not confer jurisdiction upon the federal courts, however. *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008) (*abrogated on other grounds in Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). Instead, to determine whether jurisdiction exists in an action brought pursuant to the Declaratory Judgment Act, courts must consider whether "absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court." *Id.* at 682 (quotation omitted). As detailed above, Plaintiff's claims cannot proceed on any of the bases articulated by Plaintiff in his Amended Complaint. As such, Plaintiff failed to establish that, absent the availability of declaratory relief, he could bring his claims in federal court.

Accordingly, Plaintiff's Amended Complaint fails to establish jurisdiction or state a viable federal claim, and any further amendment would prove futile. *See Bryant v. Dupree*, 252

F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 12) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 11) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida, on this 13th day of November, 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

cc:   Hon. William F. Jung
      Plaintiff, *pro se*